UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:12-CV-10760

Third Degree Films, Inc.
    *Plaintiff*,

v.

John Doe #7,
    *Defendant*

## ANSWER OF DEFENDANT, JOHN DOE #7'S MOTION TO QUASH OR VACATE SUBPOENA

Pursuant to Fed. R. Civ. P. 45(c)(3)(A), John Doe #7 files this Motion to Quash because the subpoena requires disclosure of protected information and subjects John Doe #7 to undue burden. Additionally, the subpoena seeks information that is not relevant given the Plaintiff's inability to link John Doe #7 to the alleged infringing activity.

Plaintiff filed an ex parte motion for "early discovery" so that it could serve subpoenas on ISPs, such as Verizon Internet Services, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its complaint.

Plaintiff's complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it.

In a similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, *"IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with a laptop, a neighbor, or someone parked on the street at any given moment."* Order of Apr. 29, 2011, VPR Internationale v. Does 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker).

The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity.

The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Verizon Internet Services.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections.

The risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Verizon Internet Services to turn over the requested information, Doe #7 would suffer a reputational injury.

      For the above reason, John Doe #7 requests this Honorable court to quash the subpoena.

                                     Respectfully submitted,
                                     John Doe #7

                                   */s/ John Doe #7*

June 25, 2012