UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THIRD DEGREE FILMS, INC.,<br>    Plaintiff<br><br>   v.<br><br>DOES 1-72,<br>    Defendants | CA: 1:12-cv-10760 |

**DOE 13'S MOTION TO QUASH SUBPOENA PURSUANT TO
FED. R. CIV. P. 45
OR IN THE ALTERNATIVE TO SEVER PURSUANT TO FED. R. CIV. P. 21**

**INTRODUCTION**

Plaintiff, Third Degree Films, Inc. ("Third Degree") is a California corporation, in the business of producing pornographic movies.  In this suit, Third Degree alleges that its copyright on the motion picture "Illegal Ass 2" was infringed by seventy-two (72) individual Does ("Doe Defendants").

Third Degree, along with its counsel, has developed a *modus operandi*, where it uses mass copyright litigation to extract settlements with no good faith intention to ever bring the case to trial.  When commencing the actions, Third Degree abuses emergency discovery under Rule 26(f) so it may extort settlements from the Doe Defendants.  The motion for expedited discovery was filed *ex parte*, leaving the Doe Defendants with no opportunity to fully articulate the prejudicial effects the discovery order would cause.  Additionally, rather than file suit against each individual IP address, the Plaintiff improperly joined the Doe Defendants and masked its action in the quagmire of technical considerations that allegedly form a causal link to the claimed infringement.

For the reasons stated below, the Subpoena issued pursuant to the Plaintiff's motion for expedited discovery should be quashed or in the alternative, Doe 13 should be severed from the other Doe Defendants due to improper joinder by the Plaintiff.

## ARGUMENT

**1. Doe 13 Has Standing to Quash**

By naming Doe 13 in the Complaint, Plaintiff has clearly declared there is a sufficient controversy for Doe 13 to have standing to bring this Motion to Quash. (Fed. R. Civ. P.3). Doe 13, through his Internet Protocol ("IP") address has been identified as a party to the proceedings. Although Doe 13 disputes the notion that an IP address can sufficiently identify an alleged infringer, discussed *infra*, the information sought from Verizon to connect the IP address to the identifying information of Doe 13 is clearly enough to convey standing to bring this Motion to Quash.

**2. Anonymity and Protected Information**

Although it has been held that there is no inherent expectation of privacy to the contact information or the IP address of the Doe Defendants *separately*, there is an expectation of privacy with regard to those two pieces of information being disclosed in *conjunction*. Until and unless the subpoenas are complied with, the only holder of information that connects contact information to an IP address is the Internet Service Provider themselves, in this case Verizon. Once linked together, Doe 13's IP address and contact information have the capability of unmasking Doe 13 in relation to various other forms of anonymous and protected conduct on the internet. Doe 13 is under threat of having his anonymity removed in relation to internet conduct that implicates his First Amendment right to freedom of speech. When addressing an interest in anonymity online one court noted,

> "People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity." Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (involving allegations of trademark infringements taking place under internet pseudonyms).

If this Court does not quash the subpoena, Doe 13 is going to have <u>all</u> online actions unmasked to the Plaintiff, and the world, including those actions that should be protected in the interest of encouraging public participation.[1]  The Court should not allow this anonymity to be stripped away by a Plaintiff, who through legal maneuvering has attempted to access this critical information *ex parte*, and without a sufficient opportunity for Doe 13 to defend against the intrusion.  It is an offense to due process for a Court to allow the Plaintiff to unmask Doe 13 and seventy-one (71) other Doe Defendants as to the entirety of their online conduct.  The Court should quash the Verizon Subpoena based on this Constitutional consideration alone.

**3.  Improper Joinder**

Pursuant to Fed. R. Civ. Proc. 20, defendants may be joined if there is asserted "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Plaintiff suggests that the Doe Defendants have engaged in "related transactions", which is the bare allegation that they downloaded, while operating from IP addresses registered in Massachusetts, in the months of January through March of 2012.  These allegations do not provide a sufficient basis to allege a "related transaction."

Fed. R. Civ. Proc. 20 allows joinder in situations where the claims arise from a single transaction or a series of closely related transactions.  Fed. R. Civ. P. 20(a).  In this case the

---

[1]  Anti-Slapp laws have been developed across the nation, as well as in Massachusetts, with the particular purpose of protecting public participation and avoiding frivolous lawsuits that seek to "chill" those who exercise their First Amendment rights.

alleged infringements took place months apart with no indication that the activities of each were interconnected in any way.  The simple fact that the same movie was allegedly downloaded in the same general time period, within the geographic borders of Massachusetts, does not constitute the "same transaction, occurrence, or series of transactions or occurrences."  To hold so would be analogous to holding that all torts involving a certain color, make, model and year of an automobile, occurring in Massachusetts, should be joined for the purposes of trial.  Without more, Plaintiff simply has not met his burden.

The technical nature and terminology of this case should not be used to convolute the evidence that Plaintiff has presented.  Plaintiff presented no evidence that links the Doe Defendants, but rather has alleged all the conduct occurred at different times.  This is not enough to warrant joinder.  In an equivalent case the court stated,

> "Here, the Doe Defendant's alleged participation in the same swarm spanned approximately a four-month period from May 2011 to August 2011. …The Court cannot conclude that a Doe Defendant who allegedly downloaded a portion of the Motion Picture on May 11, 2011, a Doe Defendant who allegedly did the same on August 10, 2011, and over three thousand Doe Defendants who allegedly did the same in the interim, were engaged in a single transaction or series of closely-related transactions recognized under Rule 20." SBO Pictures v. Does 1-3036, No. 11-cv-04220-SC, 2011 U.S. Dist. LEXIS 137361, *3 (N.D. Cal. Nov. 30, 2011).

The fact that the alleged downloads or uploads took place over multi-week or multi-month periods undermines the allegation that all of the Doe Defendants were part of a single "swarm."  Thus, even assuming, *arguendo*, that the Doe Defendants actually infringed the plaintiff's copyrights, the assertion that they acted in concert is rebutted by the plaintiff's own complaint.  *See* Patrick Collins, Inc. v. John Does 1-23, Case No. 11-cv-15231, at *6 (E.D. Mich. Mar. 26, 2012) ("The nearly three month time span covering this activity suggests the likely possibility that there was never common activity linking the 23 addresses in this matter."); K-Beech, Inc. v.

John Does 1-41, No. V-11-46, 2012 U.S. Dist. LEXIS 31803, *10 (S.D. Tex. Mar. 8, 2012) ("While [plaintiff] provides the precise date, hour, minute and second at which it alleges that each Doe Defendant was observed to be sharing the torrent of the copyrighted work, [plaintiff] does not indicate how long each Doe Defendant was in the swarm or if any of the Doe Defendants were part of the swarm contemporaneously."); Raw Films, Ltd. v. Does 1-32, 2011 WL 6840590, at *2 (N.D. Ga. Dec. 29, 2011) (stating that the "differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert"); Raw Films, Ltd. v. Does 1-32, 2011 WL 6182025 at *2 (E.D. Va. 2011) (conduct over a three month time span was "insufficient to meet the standards of joinder set forth in Rule 20"). Consequently, the Plaintiff has not satisfied the requirement of establishing that the Doe Defendants participated in the same "transaction" or "occurrence" within the meaning of Rule 20.  The Plaintiff has improperly joined the Doe Defendants and it should follow that Doe 13 should be severed from the rest of the Doe Defendants.

**4. Plaintiff Does Not Intend to Pursue These Cases to Trial**

The current litigation cannot be viewed on a proverbial island but must instead be viewed in the context of the voluminous litigation filed by Third Degree and counsel. When viewed in the context of the carbon-copy litigation filed by Plaintiff's Attorney Marvin N. Cable, his true intent becomes apparent.  Mr. Cable personally filed, in just nine days between April 28, 2012

and May 6, 2012, twenty (20)[2] separate actions in the Federal District Court of Massachusetts. Within those twenty cases, there are 799 Doe Defendants. Mr. Cable's representation that each of those cases is brought forth with full intent of bringing them to trial or even with the intent of serving each named defendant is at best dubious and at worst a bad faith misrepresentation to this Court. Regardless of the skill or efficiency of Mr. Cable, it is Doe 13's contention that he is engaged in these suits for the sole purpose of extorting settlement in exchange for anonymity.

Third Degree, in suits against more than 8,000 Does, habitually fails to use the information gained through *ex parte* subpoenas to pursue any meaningful action with the Court. Plaintiff's counsel states that it is the intention of the Plaintiff, "(6) To those defendants who do not respond and defendants without credible explanations, Plaintiff will name and serve… ." (Plaintiff's Motion in Opposition to Motion to Quash at 13 - Docket Entry #11). One simply cannot believe that in this action, distinct from hundreds of actions against thousands of defendants before, the Plaintiff actually intends *this time* to do anything but use the contact information to extort and harass the named Does. It is the intent of the Plaintiff, aware of the lack of its ability to adequately prosecute any of its claims to formal adjudication, to use the obscenity and vulgarity of its own production titles as leverage against the goodwill and reputations of the Does and their families.

---

[2]   Kick Ass Pictures, Inc. v. Does, 1-25, 12-cv-10810-MLW (D. Mass. 2012); Combat Zone, Inc. v. Does 1-22, 12-cv-30086 (D. Mass. 2012); Combat Zone, Inc. v. Does 1-84, 12-cv-30085 (D. Mass. 2012); Media Products, Inc. v. Does 1-49, 12-cv-30084 (D. Mass. 2012); Media Products, Inc. v. Does 1-64, 12-cv-30083 (D. Mass. 2012); West Coast Productions, Inc. v. Does 1-23, 12-cv-30087 (D. Mass. 2012); Discount Video Center, Inc. v. Does 1-29, 12-cv-10805 (D. Mass. 2012); New Sensations, Inc. v. Does 1-46, 12-cv-10803 (D. Mass. 2012); PW Productions, Inc. v. Does 1-19, 12-cv-10814 (D. Mass. 2012); Paradox Pictures v. Does 1-20, 12-cv-10815 (D. Mass. 2012); SBO Pictures v. Does 1-41, 12-cv-10804 (D. Mass. 2012); Vineyard Entertainment LLC v. Does 1-23, 12-cv-10816 (D. Mass. 2012); Patrick Collins, Inc. v. Does 1-80, 12-cv-10759 (D. Mass. 2012); Patrick Collins, Inc. v. Does 1-33, 12-cv-10757 (D. Mass. 2012); Patrick Collins, Inc. v. Does 1-36, 12-cv-10758 (D. Mass. 2012); Patrick Collins, Inc. v. Does 1-38, 12-cv-10756 (D. Mass. 2012); Third Degree Films v. Does 1-39, 12-cv-10763 (D. Mass. 2012); Third Degree Films v. Does 1-47, 12-cv-10762 (D. Mass. 2012); Third Degree Films v. Does 1-47, 12-cv-10761 (D. Mass. 2012); Third Degree Films v. Does 1-72, 12-cv-10760 (D. Mass. 2012).

The Plaintiff's contention that fears of coercion are "speculative" ignores the numerous courts that have shared Doe 13's concern. *See, e.g.,* Pacific Century Int'l v. John Does 1-37, et al., 2012 WL 1072312, at *3 (N.D. Ill. Mar. 30, 2012) ("the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle"); Digital Sin v. Does 1-176, 2012 WL 263491, at *3 ("This concern, and its potential impact on social and economic relationships, could compel a defendant entirely innocent of the alleged conduct to enter an extortionate settlement"); SBO Pictures, 2011 WL 6002620, at *3 (defendants "whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement'").

### a. The IP Address Does Not Identify the Alleged Infringer

The technological underpinnings of the instant matter also necessitate that this subpoena be quashed, as the Plaintiff offers no argument that in fact the IP address is sufficient to identify the actual identity of the alleged infringer. *See* In re Ingenuity 13 LLC, No. 11-mc-0084-JAM-DAD, ECF NO.24 (E.D. Cal. March 21, 2012) ("[T]he only information known to petitioner is the identified IP addresses … However, that information alone would not reveal who actually downloaded petitioner's work, since the subscriber's Internet connection could have been used by another person at the subscriber's location, or by an unknown party who obtained access to the subscriber's Internet connection without authorization.")  An IP address is insufficient to identify the actual infringer. Proceeding without this key link is a further illustration of Plaintiff's use of the Court as an inexpensive means of obtaining the personal information of the

Does to extort settlement, with no intent to litigate, and necessitates that the Court quash the Verizon Subpoena.

**5.  Doe 13 Should be Allowed to Proceed Anonymously**

Doe 13's wish to proceed anonymously is not an issue of "mere embarrassment" but instead is an attempt to avoid the "sensitive and highly personal nature" of having sexual tendencies thrust into the public sphere.  *See generally* Roe v. General Hospital Corp., Civil Action No. 11-991-BLSI, 2011 WL 2342737, at *1 (Mass. Super. Ct. May 19, 2011); West Coast Prods., Inc. v. Does 1-5829, 275 F.R.D. 9, *12-13 (D.D.C. 2011).  If Plaintiff, as it contends, has no intention of using its own vulgar and obscene titles in order to leverage settlement, it should have no objection to Doe 13's wish to proceed anonymously until the litigation necessitates identification if ever.  If the Plaintiff seeks to "unmask" Doe 13 when it is their express wish to proceed anonymously at this stage, it will be a clear exhibition to the court that Plaintiff's intentions are to extort settlements and abuse the processes of justice within this Court.

## CONCLUSION

Because discovery in this case is facially apparent as an attempt to extort settlement, rather than initiate litigation, the Court should find that the prejudice to the Does in releasing their contact information in association with their IP address outweighs Plaintiff's need for discovery.  This discovery is being used simply as a means to leverage the vulgar and obscene title against the good will and reputation of innocent Does.

Accordingly, the Plaintiff has failed to state a valid case for joinder, failed to state how the actual infringer will be identified, and failed to show that its litigation practices are anything more than bad faith misrepresentations and attempts to abuse the processes of the Court.  It is

respectfully requested that the Court quash the application for leave to take emergency discovery as to Doe 13 and quash the subpoenas pursuant to Fed. R. Civ. P. 45, or in the alternative sever Doe 13 pursuant to Fed. R. Civ. P. 21.

> DOE 13
>
> By his attorney,
>
> /s/ John T. McInnes
> John T. McInnes, Esq., BBO # 657488
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 100 Front Street
> Worcester, MA 01608-1477
> Phone: (508) 791-8500
> Fax:    (508) 791-8502

Dated: June 29, 2012

CERTIFICATE OF SERVICE

I, John T. McInnes, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 29, 2012.

> /s/ John T. McInnes
> John T. McInnes