UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
THIRD DEGREE FILMS,              )
                                              )
            Plaintiff,                 )
                                              )
                    v.                    )      Civil Action No. 12-10760-FDS
                                              )
DOES 1-72,                             )
                                              )
            Defendants.            )
_____)

## ORDER TO SHOW CAUSE

October 4, 2012

Boal, M.J.

Plaintiff Third Degree Films ("TDF") filed this action against seventy-two John Doe Defendants ("Does") alleging that each Doe committed copyright infringement with respect to one of its copyrighted works, a pornographic motion picture. Complaint, Docket No. 1. This case is one of many brought by the same lawyer alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent.[1] In each case, the Doe Defendants are unknown to the Plaintiff, other than by the IP address assigned to them by an Internet Service Provider ("ISP").

---

[1] A search of this District's docket reveals that Mr. Cable has filed thirty-nine of these cases, of which nine have been referred to the undersigned. See Third Degree Films v. Does 1-72, No. 12-cv-10760-FDS; SBO Pictures v. Does 1-41, No. 12-cv-10804-FDS; Third World Media, LLC v. Does 1-21, No. 12-cv-10947-FDS; Media Products, Inc. v. Does 1-64, No. 12-cv-30083-MAP; Media Products, Inc. v. Does 1-49, 12-cv-30084-MAP; Combat Zone, Inc. v. Does 1-84, No. 12-cv-30085-MAP; Combat Zone, Inc. v. Does 1-22, No. 12-cv-30086-MAP; West Coast Productions, Inc. v. Does 1-23, No. 12-cv-30087-MAP; Media Products, Inc. v. Does 1-120, No. 12-cv- 30100-MAP.

On April 30, 2012, TDF filed an Emergency Motion for Discovery.  Docket No. 3. Because TDF had not yet completed service of process (and could not do so, because the identity of the infringers was as of yet unknown to it), the motion was unopposed.  TDF requested early discovery "for the sole purpose of identifying all Doe defendants [] named in the Complaint by subpoenaing the Defendants' respective Internet Service Providers ("ISPs")."  Id. at 1.  TDF sought a court order pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), directing the ISPs to disclose the subscriber's personally identifiable information (subject to an opportunity for the subscribers to object prior to the disclosure occurring).  Id.  The District Court granted the motion on May 1, 2012.  Docket No. 7.

Before the Court are several Does' motions to quash the subpoenas to their ISPs.[2] Docket Nos. 8-10, 12-13.  The motions highlight the significance of whom TDF has sued.  The subpoenas seek the identity of the subscriber assigned to a particular IP address whereas the Complaint names the alleged infringers as defendants.  "However, the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."  In re BitTorrent Adult Film Copyright Infringement Cases, No. 11-3995, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012).  "An IP address provides only the location at which one of any number of computer devices may be deployed, much like a telephone number can be used for any number of telephones."  Id.  Accordingly, a subscriber to internet service may not be the same person who allegedly infringed upon Plaintiff's copyright.  Nevertheless, the notice to

---

[2] On September 26, 2012, the District Court referred the motions to quash to the undersigned.  Docket No. 24.

subscribers attached to the subpoena states, <u>inter alia</u>, that:

> The subpoena has been issued because **you have been sued** in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio THIRD DEGREE FILMS. **You have been sued for** infringing copyrights on the Internet by uploading and/or downloading the motion picture "Illegal Ass 2." **The movie studio has identified you** only as a "John Doe" and has served a subpoena on your ISP to learn your identity.

Docket No. 7-1 (emphasis added).

In a similar case involving the same lawyer for TDF, Chief Magistrate Judge Leo Sorokin quashed subpoenas containing a substantially identical notice because of the erroneous information contained in the notice. <u>Discount Video Center, Inc. v. Does 1-29</u>, No. 12-10805-NMG, 2012 WL 3308997, at *5 (D. Mass. Aug. 10, 2012). While early discovery may be proper and necessary in order to enforce a Plaintiff's copyright, that Court found that it must also take into consideration the privacy interests of potentially innocent subscribers. <u>Id.</u> at *4-5. Because the notice erroneously stated that the subscriber had been sued for copyright infringement, that Court quashed the subpoena. <u>Id.</u> at *5. In light of Chief Magistrate Judge Sorokin's decision in <u>Discount Video Center</u>, this Court orders TDF to show cause, within the next 14 days, why it should not quash the subpoenas in this case for containing an erroneous notice.

Accordingly, it is HEREBY ORDERED that:

1. TDF shall show cause, within 14 days after the entry of this Order, why the Court should not quash the subpoenas in this case for containing an erroneous notice.

2. Any subscribers who have filed motions in this case may file a response to TDF's submission within 14 days after its filing.

3. TDF, its counsel and its agents are prohibited from using in any way, including but not limited to settlement, the identities of the subscribers it has already

      obtained (or does obtain) as a result of the subpoena process, *except* that within three days, TDF shall serve a copy of this Order upon all of the subscribers whose identities it has learned to date (and such further subscribers, if any, it learns of in the future as a result of the already issued subpoenas).

4. ISPs listed in Exhibit A to the Complaint shall preserve any information or records that would identify subscribers, including name, address (present and at the time of the alleged infringement), email address, Media Control address, and the ISP's terms of service applicable for each subscriber as identified by IP address in Exhibit A to the Complaint.

5. ISPs shall preserve this information until December 31, 2012.

6. TDF shall notify each ISP listed in Exhibit A to the Complaint of this Order.

                                        /s/ Jennifer C. Boal
                                        JENNIFER C. BOAL
                                        United States Magistrate Judge